## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SMK ASSOCIATES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 14 C 0284 |
| v. | ) | |
| | ) | Judge John Z. Lee |
| SUTHERLAND GLOBAL SERVICES, | ) | |
| INC., and MICHAEL BARTUSEK, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff SMK Associates, Inc. ("SMK"), brought suit against Sutherland
Global Services, Inc. ("Sutherland") and its former CFO, Michael Bartusek
("Bartusek"), alleging that Sutherland breached two contracts to sell SMK $84
million in tobacco products. Sutherland moved for summary judgment, arguing in
part that SMK had not produced evidence from which a reasonable jury could find
that it was ready, willing, and able to purchase the tobacco products. For this
reason, Sutherland argued that SMK could not make out a *prima facie* case of
breach of contract. The Court disagreed, finding that SMK had produced such
evidence, and denied Sutherland's motion in this and all other respects [134].
Sutherland has moved the Court to reconsider its ruling in respect to SMK's
readiness, willingness, and ability to perform. For the reasons that follow,
Sutherland's motion for reconsideration [136] is denied.

## Background

SMK, an Illinois limited liability company, is comprised of one member: Martin Borg ("Borg"). *SMK Assocs., LLC v. Sutherland Glob. Servs., Inc.*, No. 14 C 284, 2016 WL 5476256, at *1 (N.D. Ill. Sept. 29, 2016). In early 2012, Borg began working on a deal with Bartusek in which SMK would purchase $84 million in tobacco products (specifically, cigarettes). *Id.* Believing the parties had a deal, SMK submitted two purchase orders for cigarettes totaling $84 million to Bartusek at his Sutherland office in June and July 2012. *Id.* SMK never received the cigarettes and sued for breach of contract. *See* Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 52, ECF No. 116;[1] 2d Am. Compl. ¶ 2, ECF No. 40.

In its motion for summary judgment, Sutherland argued that SMK needed to prove that it was ready, willing, and able to perform its obligations under the purported contract in order to sue for breach and recover damages. *See SMK Assocs.*, 2016 WL 5476256, at *3. SMK disputed whether this requirement exists under Illinois law. *Id.* The Court declined to resolve whether Illinois law imposes such a requirement. *Id.* Instead, the Court explained that, even if SMK had to prove that it was ready, willing, and able to perform under the contract, it had offered evidence from which a reasonable jury could rule in its favor. *Id.* Specifically, the Court noted that "Borg's testimony suggests that he did in fact

---

[1] Sutherland disputed this fact on summary judgment on other grounds, but did not contest that SMK never received any cigarettes under the purported deal. Def.'s Resp. Pl.'s 56.1(b)(3)(C) Stmt. ¶ 52, ECF No. 127.

have buyers to whom he could have sold the tobacco." *Id.* The Court further

reasoned as follows:

> During Borg's deposition he is asked who would have purchased the tobacco had Sutherland delivered it—in other words, who would have given SMK the funds necessary to turn around and pay Sutherland what it was owed. Borg explained that he had compiled a list of people he had spoken to who were willing to buy the tobacco. And although Borg did not have contracts with these individuals and had not previously sold tobacco to any of them, he was confident that the product would have sold. Sutherland calls this testimony speculation, suggesting that it is somehow inadmissible. But on summary judgment, such credibility determinations are impermissible. Even assuming that SMK has a duty to prove that it could have performed, Borg's testimony is enough at this stage to withstand Sutherland's motion for summary judgment on this issue.

*Id.* (internal citations omitted).

## Legal Standard

District courts have discretion to entertain motions to reconsider prior

decisions. *See Patrick v. City of Chi.*, 103 F. Supp. 3d 907, 911 (N.D. Ill. 2015); Fed.

R. Civ. P. 54(b); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460

U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the

discretion of the district judge."). But while motions for reconsideration are

permitted, "they are disfavored." *Patrick*, 103 F. Supp. 3d at 911. They serve a very

limited purpose: correcting manifest errors of law or fact and presenting newly

discovered evidence. *Id.* (citations omitted). This is a heavy burden for the moving

party and makes a motion for reconsideration an inappropriate medium to "rehash"

past arguments, *id.* at 912 (citations omitted), or revisit improvident strategic

decisions made earlier, *Birdo v. Dave Gomez*, No. 13 C 6864, 2016 WL 6070173, at

*1 (N.D. Ill. Oct. 17, 2016) (citation omitted). Motions for reconsideration will be granted only where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). Given these exacting standards, issues appropriate for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Id.* (citation omitted).

## Analysis

Sutherland has moved the Court to reconsider its conclusion that SMK produced evidence from which a reasonable jury could conclude it was ready, willing, and able to perform under the parties' purported contract. It asserts that the Court made an error of law in determining that Borg's deposition testimony was not speculative and interpreting Sutherland's arguments as going to Borg's credibility. Def.'s Mem. Supp. Mot. Recons. 1, 7–9, ECF No. 137.[2]

This is precisely the argument that Sutherland made and the Court rejected on summary judgment, rendering Sutherland's argument inappropriate to raise in a motion to reconsider. *Birdo*, 2016 WL 6070173, at *1. As the Court explained in its previous opinion, "Borg's testimony suggests that he did in fact have buyers to

---

[2] Sutherland also argues that Illinois law requires that SMK prove it was ready, willing, and able to perform under the contract in order to recover damages for breach of contract. *Id.* at 3–7. But just as before, the Court need not resolve this issue, because as the Court explains, there is sufficient evidence from which a jury could conclude that SMK was ready, willing, and able to perform.

whom he could have sold the tobacco." *See SMK Assocs.*, 2016 WL 5476256, at *3.

Specifically, Borg testified at his deposition as follows:

> The purchase orders that we issued were specifically for the products that we believe that we had accumulated enough clients to sell to. . . . [W]e had a group of clients that had indicated that they were ready, willing, and able to purchase this product. We had full faith and belief in our research that they would be able to buy this product. I believe that in our estimation we had customers that at that point in time could purchase 30 to 40 containers worth of product a month, and we decided we could issue a purchase order for ten containers a month.

Def.'s LR 56.1(a)(3) Stmt., Ex. 5 ("Borg Dep."), at 231:2–17, ECF No. 101-5. As the Court then elaborated, "Borg explained that he had compiled a list of people he had spoken to who were willing to buy the tobacco. And although Borg did not have contracts with these individuals and had not previously sold tobacco to any of them, he was confident that the product would have sold." *See SMK Assocs.*, 2016 WL 5476256, at *3 (internal citations omitted); *see* Borg Dep. at 233:12–234:20.

Sutherland repeats the argument it made on summary judgment, labeling this testimony "speculative" and therefore inadmissible. Def.'s Mem. at 7–8. By "speculative," Sutherland means to say that Borg did not in fact have any specific purchasers with whom he had entered into contracts, a reality the Court acknowledged in its opinion. *Id.*; *see SMK Assocs.*, 2016 WL 5476256, at *3. Sutherland further states that Borg's testimony "does not prove SMK was 'ready, willing and able' to consummate the transaction upon delivery on a date certain; it merely proves SMK hoped it might be 'ready, willing and able' at some unspecified date in the future." Def.'s Mem. at 8. But Borg did not testify that he hoped SMK would perform; he testified that, consistent with its market research, it would. Borg

Dep. at 231:2–17, 232:9–17, 233:12–234:20.[3] Construing the record in SMK's favor, this is testimony from which a reasonable jury could conclude that SMK would have performed had it received the cigarettes promised.

What Sutherland's argument boils down to is an objection to the sufficiency of Sutherland's testimony. In essence, Sutherland's position is that SMK cannot show it was ready, willing, and able to perform solely on the basis of Borg's testimony. Rather, in Sutherland's view, his testimony is worthless unless corroborated by contracts with actual purchasers holding the necessary funds. Def.'s Mem. at 8–9. But, as the Court explained in denying Sutherland's motion, it is for the jury to weigh Borg's credibility and determine if, by his testimony, SMK carries its burden (insofar as it has one) to establish its readiness, willingness, and ability to perform. *See SMK Assocs.*, 2016 WL 5476256, at *3. Perhaps, as Sutherland suggests, a jury would assign very little weight to the testimony given that it does not establish any actual contracts with third parties.[4] But it is not for the Court to weigh the persuasive value of such testimony on summary judgment.

---

[3] In addition to testifying that SMK intended to sell the cigarettes to third parties, Borg further testified that, in lieu of sales to third parties, "it would have been very easy to finance these goods for purchase." Borg Dep. at 233:2–4. Sutherland does not account for this testimony in its motion to reconsider.

[4] As Sutherland points out in his motion, insofar as Borg sought to testify to actual purchasers' agreements to purchase cigarettes, this testimony could be hearsay. Def.'s Mem. at 9 n.1. But a reasonable jury could conclude from the record that Borg's readiness, willingness, and ability to perform were based on his general knowledge of the market, independent of statements made by potential purchasers. *Dunham v. Dangeles*, 384 N.E.2d 836, 838 (Ill. App. Ct. 1978) ("Absent an express provision to the contrary, when a contract calls for acts by both parties to be done at the same time, only an expression of readiness, willingness and ability to perform is needed to constitute a tender of performance.").

Nor has Sutherland established that, as a matter of law, Borg's testimony is insufficient evidence from which a reasonable jury could conclude that SMK was ready, willing, and able to perform. Sutherland refers the Court to two cases for the proposition that "SMK must prove it had sufficient funds on hand to complete the purchase or was able to obtain such funds within an agreed period of time." Def.'s Mem. at 7 (citing *Hallmark & Johnson Props., LTD. v. Gadea*, 578 N.E.2d 1180, 1184 (Ill. App. Ct. 1991); *accord In re Prochnow*, 474 B.R. 607, 614 (Bankr. C.D. Ill. 2011)). But these cases apply settled law in the specific context of a broker's right to receive a commission in a real estate sale. *Hallmark & Johnson Props.*, 578 N.E.2d at 1184; *accord In re Prochnow*, 474 B.R. at 614. Sutherland does not explain why they are of broader applicability to this case. And they do not establish that a jury could not find that SMK was ready, willing, and able to perform based on Borg's stated intention of utilizing third-party purchasers.

## Conclusion

For the reasons stated herein, Sutherland's motion to reconsider [136] is denied.

**IT IS SO ORDERED.**          **ENTERED  5/19/17**

_____

**John Z. Lee**
**United States District Judge**